IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE 1, | Case No. 1:22-CV-02139 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| VARSITY BRANDS, LLC, et al., | |
| Defendants. | ORDER |

Currently before this Court are Plaintiff John Doe 1's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Memorandum in Support (together, "Plaintiff's Motion"). (Doc. Nos. 112, 113.) In Plaintiff's Motion, Plaintiff seeks to alter or amend a judgment issued by the Court (Doc. No. 111) in conjunction with its Memorandum Opinion and Order ("prior Order") (Doc. No. 110) granting in part Defendant Taji Davis's ("Defendant") Motion to Dismiss (Doc. No. 98). On September 28, 2023, Defendant filed an Opposition to Plaintiff's Motion ("Defendant's Opposition"). (Doc. No. 118.)

The Court has reviewed Plaintiff's Motion and Defendant's Opposition, and offers and orders the following.

First, in Plaintiff's Motion, Plaintiff insists that the Court mistakenly required a conviction for liability under Section 2422(b) of Title 18 in evaluating whether he had alleged a predicate act for his Child Abuse Victims' Rights Act ("CAVRA"), 18 U.S.C. § 2255, claim (Count I). (Doc. No. 113 at pp. 5–6, 8.) Plaintiff misconstrues the prior Order. In its prior Order, the Court did not "overlook" the distinction between "violation" and "conviction" for the purpose of evaluating Plaintiff's Section 2255 claim. (*Id.* at p. 6.) Instead, the Court expressly noted that "[n]o criminal conviction is

necessary to recover damages under § 2255. Rather, a plaintiff need only show, by a preponderance of the evidence, that a defendant committed one of the enumerated offenses." (Doc. No. 110 at p. 12.) The Court then evaluated two sex-related crimes, statutory rape based on Plaintiff's age and forcible rape. (*Id.* at pp. 13–15.) In each evaluation, the Court considered whether Plaintiff had alleged sufficient facts to show that either Defendant Brandon Hale or Defendant Davis "could be charged with a criminal offense" under Section 2422(b). (*Id.* at p. 14 (citing 18 U.S.C. § 2422(b)).) The Court did not require Plaintiff to demonstrate a conviction for any criminal offense, so Plaintiff cannot rely on this argument to receive relief.

Second, in Plaintiff's Motion, Plaintiff asserts that the Complaint includes allegations that Plaintiff "refused to consent to sex [with Defendants Hale and Davis] and repeatedly attempted to leave the room," but that Defendants "Hale and Davis prevented him from doing so and proceeded to have sex with him . . . [even] though he told them 'no' many times." (Doc. No. 113 at pp. 2, 7 (citing Doc. No. 1 at ¶¶ 196–97).) In Plaintiff's Motion, Plaintiff cites to his Complaint to attempt to establish that certain "allegations" were set forth therein, but the Court disregarded these allegations in its prior Order. (*Id.* at p. 7.) Among these are allegations that Defendants Hale and Davis "engaged in coercion of the minor[] and engaged in nonconsensual and/or forcible sexual contact," and that Plaintiff "repeatedly declined to consent to sex and . . . repeatedly tried to leave the room, but Hale and Davis prevented him from doing so." (*Id.* (citing Doc. No. 1 at ¶¶ 187–234, 253, 256).)

The Court concludes that Plaintiff misstates or misrepresents the allegations in the Complaint. The paragraphs of the Complaint that Plaintiff cites do not allege that he "repeatedly" attempted to leave the hotel room. (*Id.* at p. 7.) The Complaint does allege that Plaintiff "demonstrated his reluctance and attempted to leave," but there is no indication that Plaintiff "repeatedly" tried to leave.

2

(Doc. No. 1 at ¶ 197.) Further, the Complaint does not contain allegations that Defendants Hale or Davis "prevented" Plaintiff from leaving or that Plaintiff told them "'no' many times." (Doc. No. 113 at p. 2.) Plaintiff does allege that he "was hesitant and initially refused," but the initial refusal does not mean that he refused "many times," or was thereafter prevented from leaving, or that force was used against him or that he did not ultimately consent. (Doc. No. 1 at ¶ 195.) Plaintiff cannot present additional allegations on a Federal Rule 59(e) motion or construe the Complaint's allegations to provide more facts than what is expressly alleged or can be reasonably inferred. Consistent with the Court's prior Order, the allegations in the Complaint do not allege that Plaintiff was coerced or forced to engage in sex with Defendant Hale or Defendant Davis.

Third, Plaintiff contends that the Court held that Plaintiff had failed to state a CAVRA claim against Defendants Hale and Davis "based solely on the fact that they could not have been convicted of statutory rape of the minor in Ohio under the state's age of consent law." (Doc. No. 113 at p. 6.) This argument misconstrues the Court's prior Order. In its prior Order, the Court considered not only Ohio's age-based statutory rape of a minor law (which does not require force or coercion as an express element), but also Ohio's forcible rape law (which does not require the victim to be a minor). (Doc. No. 110 at pp. 14–15 (discussing Plaintiff's allegations of his age at the time of the alleged encounters as well as Ohio's rape statute, O.R.C. § 2907.02(A)(2)).) Plaintiff cannot rely on this argument to receive relief.

In Plaintiff's Motion, Plaintiff argues that Defendants Hale and Davis also could have been charged with a criminal offense under Ohio law "even if the offense of statutory rape did not apply." (Doc. No. 113 at 8.) Plaintiff does not specify which criminal offense(s) Defendants Hale and Davis could have been charged with and does not cite to any statutory or other authority for any criminal

3

prosecution. Indeed, in Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff did not specify which criminal offense(s) Defendants Hale and Davis could have been charged with other than to broadly state that "Plaintiff has alleged facts on which Defendant Davis could be charged with multiple criminal offenses including kidnapping[1] and forcible rape." (Doc. No. 100 at p. 10.) Given these considerations, the Court finds that supplementary briefing will assist its resolution of Plaintiff's Motion. *See Doe 5 v. Epstein*, 611 F. Supp. 2d 1339, 1345 (S.D. Fla. 2009) (allowing for more definite statement where Section 2422 allegation was "ambiguous as to whether Plaintiff claims . . . [a] criminal offense (and if so, what offense) with which Defendant could have been charged"); *but see Doe 1 v. Varsity Brands, LLC*, 2023 WL 7222851, at *3 (D.S.C. Nov. 2, 2023) (finding sufficient to survive Federal Rule 12 motion allegations that were "somewhat sparse and . . . fail[ed] to identify the underlying statutes believed to have been violated").

Therefore, the Court **ORDERS** Plaintiff to provide supplementary briefing that:

1. In the context of Section 2422(b), identifies all criminal offenses for which either Defendant Hale or Defendant Davis can be charged for their alleged conduct and the criminal statute providing for such criminal prosecution.

2. For each criminal offense listed in (1), includes accurate citations to specific factual allegations in the Complaint (Doc. No. 1) that would support a finding that, by a preponderance of the evidence, Defendant Hale and/or Defendant Davis committed the offense.

---

[1] As set forth in the prior Order, kidnapping is not a criminal offense that is associated with some kind of "sexual activity," and therefore, it does not qualify as a "'sexual activity for which any person could be charged with a criminal offense.' 18 U.S.C. § 2422(b)." (Doc. No. 110 at pp. 13–14.)

4

The supplemental briefing shall be limited to the two above issues. Plaintiff shall submit his briefing on or before **December 13, 2023**. Defendants Hale, Davis, and ShowPro shall have until **January 3, 2024**, to file a response to Plaintiff's supplementary briefing.

**IT IS SO ORDERED.**

Date: November 29, 2023

                                  *s/Pamela A. Barker*
                                  PAMELA A. BARKER
                                  U.S. DISTRICT JUDGE