# [1]IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

JOHN DOE 1,                                    Case No. 1:22-CV-02139

        Plaintiff,

        -vs-                                    **JUDGE PAMELA A. BARKER**

VARSITY BRANDS, LLC., et al.,

        Defendant.                        **MEMORANDUM OPINION & ORDER**

Currently pending before the Court is Plaintiff John Doe 1's ("Plaintiff") Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(E) and Memorandum in Support, both filed on August 29, 2023 and collectively referred to herein as "Plaintiff's Motion." (Doc. Nos. 112, 113.) On September 28, 2023, Defendant Taji Davis ("Davis") filed his Opposition to Plaintiff's Motion ("Davis's Opposition"). (Doc. No. 118.) In Plaintiff's' Motion, Plaintiff asks this Court to alter or amend or reconsider only or "solely" its ruling dismissing claims under the Child Abuse Victim's Rights Act ("CAVRA") against "the perpetrators of the abuse, Defendants Davis and Hale."[1]

On November 29, 2023, the Court issued an Order that in part addressed certain arguments raised in Plaintiff's Motion and directed Plaintiff and Davis to provide supplementary briefing that: 1.) in the context of 18 U.S.C. § 2242(b), identifies all criminal offenses for which either Defendant Hale ("Hale") or Davis can be charged for their alleged conduct and the criminal statute(s) providing for such criminal prosecution; and 2.) for each criminal offense identified, include accurate citations

---

[1] (Doc. No. 112, PageID # 1665.)

to specific factual allegations in the Complaint (Doc. No. 1) that would support a finding that, by a preponderance of the evidence, Defendant Hale and/or Davis committed the offense(s).

On December 13, 2023, Plaintiff filed his Supplemental Briefing in Support of his Motion for Reconsideration ("Plaintiff's Supplement"). (Doc. No. 120.) On December 15, 2023, Davis filed a Reply to Plaintiff's Supplement ("Davis's Reply"). (Doc. No. 121.) Hale has never made an appearance in this case and did not respond to Plaintiff's Motion. Accordingly, Plaintiff's Motion is ripe for a decision.[2]

## I.  Background

### A.  Factual Allegations

The allegations concerning Plaintiff's interactions with Davis and Hale under what Plaintiff captioned "The Abuse:  John Doe 1" are set forth in paragraphs 187 through 198 of Plaintiff's Complaint.[3]  In paragraph 188, Plaintiff alleges that in 2014, when he was 15 years old, Davis and Hale and ShowPro Choreography ("ShowPro") contracted with his gym to provide choreography services to the gym's all-star cheerleading team.[4]  In paragraph 189, Plaintiff alleges that during the initial meeting, Davis, Hale and ShowPro accompanied Plaintiff and his gym owners and other minor athletes on a day trip to Cedar Point.[5]  (Id.)  In paragraph 190, Plaintiff alleges that in late April 2015, Plaintiff moved to a new gym and this gym would also contract with Davis, Hale, and ShowPro for

---

[2] Because Hale did not file an answer or otherwise respond to Plaintiff's Complaint, this Court granted a default judgment against him.  (Doc. No. 97.)  However, in its Judgment Entry and Memorandum Opinion and Order issued on August 2, 2023, the Court set aside the entry of default against Hale, and in relevant part dismissed the federal claims against him, to include the CAVRA claim set forth in Count 1 of the Complaint.  (Doc. No. 111, PageID # 1663; Doc. No. 112, PageID#s 1636, 1662.)

[3] These allegations are incorporated or set forth in this Court's Memorandum Opinion and Order filed on August 2, 2023, at pages 5-6.  (Doc. No. 110, PageID #s 1640-41.)

[4] (Doc. No 1, PageID # 37.)

[5] (Id.)

choreography services.[6]  In paragraph 191, Plaintiff alleges that beginning in 2016, Hale and Davis began to exchange messages with Plaintiff using an App.  Plaintiff does not allege the content of these messages, but only that they were exchanged.[7]

In paragraph 192, Plaintiff alleges that on or around July 28, 2016, when Plaintiff was 17 years old, Hale and Davis returned to Ohio to provide cheer training and choreography services to Plaintiff's former gym.[8]  In paragraph 193, Plaintiff alleges that during this July 2016 trip to Ohio, Davis and Hale once again exchanged messages with him, knew Plaintiff was a minor under the age of 18, and that Plaintiff was a USASF member athlete.[9]  In paragraph 194, Plaintiff alleges that despite this knowledge, Hale and Davis pressed Plaintiff to come to their hotel room in Westlake, Ohio.[10]  Plaintiff does not allege the content of these messages to Plaintiff from Davis and Hale.  In paragraph 195, Plaintiff alleges that he was hesitant and initially refused, but ultimately went to these defendants' hotel room and upon arrival there, learned that these defendants would soon be providing a skills clinic for Plaintiff's current gym.[11]

In paragraph 196, Plaintiff alleges that when he appeared at these defendants' hotel, they took him into their room, offered him liquor, which he refused, and thereafter, commenced to have sex with Plaintiff, who was only 17 years old.[12]  In paragraph 197, Plaintiff alleges that according to the

---

[6] (*Id.*)
[7] As this Court noted in its August 2, 2023 Memorandum Opinion and Order, the claim made by Plaintiff in his Brief in Opposition to Davis's Motion to Dismiss that Davis "began messaging him and grooming him via cellphone" when Plaintiff was 14 or 15 years old, is belied by the allegations in the Complaint itself which demonstrate that Plaintiff would have been 16 or 17 at the time these messages were sent, and the lack of allegations regarding "grooming" since the content of the messages was not alleged anywhere in the Complaint.  (*Id.*, PageID # 1649.)  The Court declined to consider this new or different allegation set forth in Plaintiff's Brief in Opposition since he did not plead it in his Complaint.  (*Id.*)
[88] *(Id.)*
[9] *(Id.)*
[10] (*Id.*, PageID # 38.)
[11] (*Id.*)
[12] (*Id.*)

3

report that he provided to law enforcement, these defendants had sex with him multiple times despite the fact that he demonstrated his reluctance and attempted to leave.[13]  In paragraph 198, Plaintiff alleges that Davis was 24, and Hale was 25.[14]  In paragraph 209, Plaintiff alleges that the police report included screen shots of Hale and Davis "soliciting" Plaintiff to come to their hotel room at 1:30 in the morning.[15]

Under Count 1, the Child Abuse Victims' Rights Act of 1986  ("CAVRA") claim asserted against all Defendants, specifically in paragraph 258 of Plaintiff's Complaint, Plaintiff alleges that he was a minor at the time he was sexually abused and assaulted in contravention of 18 U.S.C. § 2422, thus constituting violations of 18 U.S.C. § 2255.[16]  Under Count II, the RICO civil conspiracy claim asserted against all Defendants, specifically in paragraph 277 of Plaintiff's Complaint, Plaintiff alleges that all Defendants had a duty to him, a minor Plaintiff, and his family, to "mitigate allegations related to sexual assault against children such as Plaintiff."[17]  Under Count III, the gross negligence state law claim asserted against all Defendants, specifically in paragraph 280 of Plaintiff's Complaint, Plaintiff alleges that all Defendants have been aware that there are risks associated with inappropriate, and non-consensual sexual touching, emotional, and physical abuse.[18]  Under Count V, the assault/battery state law claim asserted against ShowPro, Hale, and Davis, specifically in paragraphs 315 through 317 of Plaintiff's Complaint, Plaintiff alleges that Hale and Davis committed unwanted and nonconsensual sexual touching of him, which constituted a sexual assault and a sexual battery

---

[13] (*Id.*)
[14] (*Id.*)
[15] (*Id.*, PageID # 40.)
[16] (*Id.*, PageID # 54.)
[17] (*Id*., PageID # 57.)
[18] (*Id*., PageID # 62.)

and abuse committed upon him by Hale and Davis.[19]  Under Count XI, captioned "*Respondeat Superior* as to Defendants USASF and ShowPro*", specifically in paragraph 369 of Plaintiff's Complaint, Plaintiff alleges that Hale and Davis committed sexual battery and non-consensual touching.[20]  The only use of the word "force" in Plaintiff's Complaint is included under Count XII, the state law claim for intentional infliction of emotional distress asserted against all Defendants, specifically in paragraph 375, to wit: that they "[f]ail[ed] to ensure that adult coaches and athletes were not forcing themselves upon minor athletes; and "[f]ail[ed] to ensure that underage athletes were not being forced into non-consensual sexual encounters with adults.[21]

**B.  The Court's August 2, 2023 Memorandum Opinion and Order, Plaintiff's Motion, and the Court's November 29, 2023 Order.**

Relevant to Plaintiff's Motion is that part of this Court's Judgment issued on August 2, 2023 granting Davis's Motion to Dismiss ("Davis's Motion").  (Doc. No. 98.)  In its Memorandum Opinion and Order issued that same day, the Court acknowledged that in Count 1 of his Complaint, Plaintiff alleged that he was a victim of abuse perpetrated by Davis and Hale in contravention of 18 U.S.C. § 2422(b), or one of the qualifying criminal statutes enumerated under 18 U.S.C. § 2255, part of CAVRA.[22] Moreover, the Court explicitly stated that "[n]o criminal conviction is necessary to recover damages under § 2255," citing *Prewett v Weems*, 749 F.3d 454, at 458; but "[r]ather, a plaintiff need only show, by a preponderance of the evidence, that a defendant committed one of the enumerated offenses."[23]

---

[19] (*Id.*, PageID # 67.)
[20] (*Id.*, PageID # 77.)
[21] (*Id.*, PageID # 79.)
[22] (Doc. No. 110, PageID #s 1646-47.)
[23] (*Id.,* PageID # 1647.)

As set forth in its Memorandum Opinion and Order,[24] Section 2422(b) provides as follows:

**(b)** Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422.

In its Memorandum Opinion and Order, the Court concluded that Plaintiff had failed to allege that Davis (or Hale) had engaged in any conduct for which Davis could have been charged with a criminal offense associated with engaging in any sexual activity.  The Court rejected Plaintiff's argument that Davis (or Hale) had "'alleged facts on which Defendant could be charged with multiple offenses including kidnapping and forcible rape,'" explaining as follows.[25]  First, kidnapping is not a "sexual activity for which any person could be charged with a criminal offense."[26]  Second, because Plaintiff was over 16 years old at the time of the incident, Davis (or Hale) could not be charged with statutory rape under Ohio law.[27]  Third, Ohio's rape statute, O.R.C. § 2907.02(A)(2) requires "compel[ling] the other person to submit by force or threat of force," and the Complaint did not include allegations that Davis (or Hale) used force or the threat of force to compel Plaintiff into having sex with either of them.[28]  And, the Court concluded that although Plaintiff claimed for the first time in his Opposition to Davis's Motion that Davis had begun "grooming [him] via cellphone," the Complaint did not include any allegations regarding the content of the messages he was alleged to have sent

---

[24] (*Id.*, PageID #s 1646-47.)
[25] (Doc. No. 110, PageID # 1648.)
[26] (*Id.*, PageID # 1649.)
[27] (*Id.*)
[28] (*Id.*, PageID # 1650.)

to Plaintiff during two different times in 2016, so as to support any conclusion that in those messages Davis had attempted to or did, persuade, induce, entice, or coerce Plaintiff, (who was under the age of 18 when they were allegedly sent), to engage in sexual activity.[29]

In Plaintiff's Motion, Plaintiff asserts that "[u]nder the plain language of the [CAVRA] statute [18 U.S.C. § 2442(b)], a violation can occur without any regard for whether there is a conviction," and "[t]he Court appears to have erred in interpreting this aspect of the statute." The Court construes this assertion as one that the Court committed an error of law. However, contrary to Plaintiff's assertion or interpretation of this Court's August 2, 2023 Memorandum Opinion and Order, and as already explained by this Court in its November 29, 2023 Order,[30] this Court did not conclude that a conviction is required for liability under 18 U.S.C. § 2422(b) in evaluating whether Plaintiff had alleged a predicate act for his CAVRA claim. This Court specifically concluded that "[n]o criminal conviction is necessary to recover damages under § 2255," and "[r]ather, a plaintiff need only show, by a preponderance of the evidence, that a defendant committed one of the enumerated offenses," citing *Prewett v. Weems*, 749 F.3d 454,458 (6th Cir. 2014).[31] The Court then evaluated whether Plaintiff had alleged sufficient facts to demonstrate that Davis (or Hale) committed any predicate criminal sexual offense under § 2422, i.e., did Plaintiff allege sufficient facts to demonstrate that Davis and Hale could be charged with the criminal offenses of kidnapping, statutory rape, and/or forcible rape under Ohio law, and concluded that he had not.

---

[29] (*Id.*, PageID # 1649.)
[30] (Doc. No. 119, PageID #s 1718-19.)
[31] (Doc. No. 110, PageID # 1647.)

In Plaintiff's Motion, Plaintiff next asserts that the Court should have analyzed the CAVRA violation under the terms of 18 U.S.C. § 2422, but instead, determined that Plaintiff had not stated a claim that these defendants violated CAVRA based solely on the fact that they could not have been convicted of statutory rape of the minor in Ohio under the state's age of consent law, thus committing clear error. Plaintiff argued that Davis and Hale could have been charged with rape pursuant to O.R.C. § 2907.02 and could have been charged with a criminal offense under Ohio law even if the offense of statutory rape did not apply. However, the Court's August 2, 2023 Memorandum Opinion and Order makes clear that. the Court not only considered and evaluated whether Plaintiff had alleged sufficient facts to demonstrate that Davis (or Hale) could be charged with statutory rape, but also evaluated whether Plaintiff had alleged sufficient facts to demonstrate that they could be charged with kidnapping or forcible rape, i.e., the very criminal offenses Plaintiff specifically identified in his Brief in Opposition, at page 10, to Davis's Motion as having been committed by Davis and Hale.[32]

In Plaintiff's Motion, and as noted by this Court in its November 29, 2023 Order, Plaintiff has asserted that the Complaint includes allegations that Plaintiff "refused to consent to sex [with Defendants Davis and Hale] and repeatedly attempted to leave the room," but that "Hale and Davis prevented him from doing so and proceeded to have sex with him … [even] though he told them 'no' many times."[33] In Plaintiff's Motion, and as also noted by this Court in its November 29, 2023 Order, Plaintiff cites to his Complaint to attempt to

---

[32] (*Id.*, PageID #s 1648-50.)
[33] (Doc. No. 113, PageID # 1672.)

establish that certain allegations were set forth therein, but the Court disregarded or misapprehended them.  Among these are allegations that Davis and Hale "used their cell phones to message him for the purposes of engaging in sex," "engaged in coercion of the minor, and engaged in nonconsensual and/or forcible sexual contact with a person under the age of 18 years," and that Plaintiff "repeatedly declined to consent to sex and . . . repeatedly tried to leave the room, but Hale and Davis prevented him from doing so."[34]  (Doc. No. 113 (citing Doc. No. 1 at ¶¶ 187-234, 253, 256).)[35]

However, as set forth in its November 29, 2023 Order, Plaintiff has misstated or misrepresented the allegations in the Complaint.  The paragraph that Plaintiff cites for his assertion that he alleged that he "repeatedly" declined to consent to sex and "repeatedly" attempted to leave the hotel room do not support this assertion; paragraph 197 of the Complaint merely alleges that Plaintiff "demonstrated his reluctance and attempted to leave."[36]  Neither does the Complaint contain allegations that Davis or Hale "prevented" Plaintiff from leaving or that Plaintiff told them "'no' many times"; paragraph 195 of the Complaint includes the allegation that Plaintiff "was hesitant and initially refused," but when read in conjunction with paragraph 194, can only be construed as Plaintiff "was hesitant and initially refused" to come to the hotel;[37] but this refusal to come to the hotel does not mean that he refused "many times," or was thereafter prevented from leaving the hotel room many

---

[34] (Id., PageID # 1677, citing Doc. No. 1 at ¶¶ 187-234, 253, 256.)
[35] The Court notes that paragraphs 187-234 specifically cited by Plaintiff for these assertions constitute the very paragraphs that Plaintiff identified as constituting "**The Abuse:  John Doe 1**".  (Doc. No. 1, PageID # 37.)  Paragraphs 253 and 256 cited by Plaintiff do not contain any allegations associated with the interactions between Davis, Hale and Plaintiff.
[36] (Doc. No. 1, PageID # 38.)
[37] (Id.)

times once he got there, or that force was used against him or that he did not ultimately consent.  And, although the Complaint includes allegations that Davis and Hale "pressed" or "solicited" Plaintiff to come to their hotel room, it does not include allegations that they did so for the purposes of engaging in sex and the content of the cell phone or app messages are not set forth or described in the Complaint.  The Complaint, however, does include allegations that the subsequent police report included screen shots of Hale and Davis "soliciting" Plaintiff to come to their hotel room at 1:30 in the morning, but having reviewed those screen shots, Ohio law enforcement informed Plaintiff that they would not pursue charges against Hale and Davis because Plaintiff was over 16 years old at the time of the incident.

In Plaintiff's Motion, Plaintiff argued that the allegations in the Complaint adequately asserted claims for "unwanted and nonconsensual" sexual touching of Plaintiff, but he did not identify under what Ohio statutory provision(s) Davis and Hale could be charged with a sexual activity offense for this sexual touching.  Plaintiff argued that failure to correct the errors of law he identified therein would create a manifest injustice.

Once Plaintiff's Motion was ripe for a decision, the Court re-reviewed Plaintiff's Complaint, Plaintiff's Brief in Opposition to Davis's Motion to Dismiss, and its August 2, 2023 Memorandum Opinion and Order.  Upon its re-review of Plaintiff's Brief in Opposition, the Court noted that Plaintiff had argued that he had "alleged facts on which Defendant Davis could be charged with **multiple offenses, including kidnapping and forcible rape**."[38] Accordingly, the Court issued its November 29, 2023 Order directing Plaintiff to identify any criminal offenses that, based upon the allegations of the Complaint, Hale and Davis could be

---

[38] (Doc. No. 100, PageID # 1352-53.)

charged with, other than kidnapping, forcible rape, statutory rape – which it had already considered and rejected - and directed Plaintiff to identify the allegations in the Complaint in support thereof.

### C.  Plaintiff's Supplement

In Plaintiff's Supplement, Plaintiff asserts that "[a]ccording to the Complaint, while in Ohio to provide Plaintiff cheering instruction, Defendant Hale and Davis solicited Plaintiff to their hotel room, offered him alcohol which he refused, and thereafter coerced him into having sex multiple times."[39]  Plaintiff also makes note of the fact that in its November 29, 2023 Order, this Court recognized that the Complaint alleged that Plaintiff initially refused to come to the hotel, that Plaintiff attempted to leave the room, and demonstrated reluctance to have sex.[40]  Plaintiff also argues and the Court does not disagree, that "while, at trial, Plaintiff's burden to establish a predicate offense under § 2242 may be the preponderance of the evidence, at the motion to dismiss stage, Plaintiff's burden is the pleading standard under Rule 12(b)(6)."[41]  Indeed, the Court set forth the pleading standard under Rule 12(b)(6) in its August 2, 2023 Memorandum Opinion and Order.[42]  What Plaintiff did not do is cite to any Ohio criminal statute other than Ohio's rape statute, O.R.C. § 2907.02 under which Davis and Hale could be charged with a sexual activity offense.  Plaintiff reiterates his argument that forcible rape under O.R.C. § 2907.02 qualifies under the plain language of 18 U.S.C. § 2422(b).  According to Plaintiff, the Complaint contains sufficient information on which a

---

[39] (Doc. No. 120, PageID # 1723.)
[40] (*Id*.., PageID # 1724.)
[41] (*Id.*, PageID # 1725.)
[42] (Doc.No. 110, PageID # 1644-45.)

factfinder could conclude that Hale and Davis exploited a power imbalance to coerce Plaintiff into sexual conduct, and the question of consent, is one for the jury.

## II. **Standard of Review**

A court may grant reconsideration if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *See Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence have been discovered and offered during the initial consideration of the issue.'"  *McConocha v. Blue Cross & Blue Shield Mut. Of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996).[43]

## III.  **Analysis**

To succinctly summarize, in Plaintiff's Motion and Supplement, Plaintiff asks this Court to alter, amend, or reconsider its Judgment and Opinion on the bases that the Court committed errors of law identified and discussed above that if not corrected, will result in manifest injustice.  The Court will address each of the errors of law Plaintiff alleges this Court committed.

First, as already stated and explained above, the Court did not require Plaintiff to allege a conviction for any criminal offense, so Plaintiff's assertion to the contrary cannot serve as a basis to alter, amend, or reconsider its judgment dismissing his CAVRA claim against Davis (or Hale).

---

[43] *See also Gascho v. Global Fitness Holdings, LLC*, 918 F.Supp.2d 708, 715 (S.D. Ohio Jan. 16, 2013) ("A motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion."); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

Second, as already stated and explained above, the Court did not determine that Plaintiff had not stated a claim that Davis and Hale violated CAVRA based solely on the fact that they could not have been convicted of statutory rape so as to clearly err; it determined that Plaintiff had not stated a claim that Davis and Hale violated CAVRA because the allegations were not sufficient to demonstrate that they could be charged with kidnapping, forcible rape, or statutory rape under Ohio law.  Of course, Plaintiff continues to assert that the allegations in his Complaint are sufficient to allege forcible rape.  It is not necessary that this Court reconsider this assertion or argument by Plaintiff, for the reasons more fully explained below.

Again, Plaintiff did not identify any other Ohio statute under which Davis and Hale could have been charged with a criminal offense as this Court directed him to do in its November 29, 2023 Order.  The Court cited and relied upon *Doe v. Epstein*, 611 F.Supp.2d 1339, 1345 (S.D. Fla. 2009) in directing Plaintiff to do so.  In *Epstein*, the Court granted the defendant's motion for a more definite statement, thereby requiring the plaintiff to identify or allege with what criminal offense the defendant could have been charged, explaining as follows:

> Defendant argues that the Amended Complaint fails to set forth underlying factual allegations as to the requisite elements that Defendant knowingly persuaded, induced, enticed, or coerced Plaintiff, when she was under the age of 18 years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense.  Specifically, Defendant claims that Plaintiff fails to allege with what criminal offense Defendant could have been charged.  *See* 18 U.S.C. § 2422(b).  *The Amended Complaint states a cause of action for violation of 18 U.S.C. § 2422.*  However, Defendant's position that Plaintiff must state what part of "to engage in prostitution or sexual activity for which any person can be charged with a criminal offense' upon which [Plaintiff] is relying [] is well-taken.

(Emphasis added by italics.)  *Id.*, 611 F. Supp.2d at 1345.  However, the Court also acknowledged that in *Doe 1 v. Varsity Brands, LLC*, 2023 WL 7222851, at *3 (D.S.C. Nov. 2, 2023) the court found as sufficient to survive a Federal Rule 12(b)(6) motion allegations that were "somewhat sparse and

…. fail[ed] to identify the underlying statutes believed to have been violated," and concluded that the alleged facts, taken as true, gave rise to a "plausible inference" that the defendant violated 18 U.S.C. §§ 2422(a).  *See, also, Doe v. Schneider*, 2013 WL 5429229, at *6 (E.D. Pa. Sept. 30, 2013) (where the complaint did not include or identify the criminal statutes of the three states in which sexual activity was alleged to have taken place, namely Pennsylvania, Montana, and Massachusetts, (*id.*, Case No. 2:08-cv-0385 (E.D. Pa. Aug. 29, 2008) (ECF No. 2); *id,* (De. 7, 2012) (ECF No. 148 at p. 16)) but the court examined them in the context of the defendant's motion for summary judgment.)

Although Plaintiff did not identify any other statute under which Davis and Hale could have been charged and did not in any way discuss or evaluate *Epstein* or *Doe 1,* in Plaintiff's Motion Plaintiff had generally cited to paragraphs 187-234 of the Complaint to reiterate or reinforce that Davis and Hale had used cell phones to "press[]" or "solicit[]" him to come to their hotel room.  Of course, as already noted, the content of these messages is not contained anywhere in the Complaint. And, without citation to any specific paragraphs of the Complaint, Plaintiff generally asserted that his Complaint alleged nonconsensual sexual touching.  The Court then determined that paragraphs 280, and 315-317 of the Complaint included allegations of non-consensual sexual touching set forth to support the cause of action for sexual battery/assault.

It is in Plaintiff's Supplement that Plaintiff focuses on the case law interpreting the enumerated offense or qualifying criminal statute set forth in 18 U.S.C. § 2422(b) in the criminal context only.

The elements of this offense are that a defendant (1) "use[d] the mail or any facility or means of interstate or foreign commerce"; (2) to "knowingly persuade[], induce[], entice[], or coerce[]" or "attempt[] to" persuade, induce entice or coerce; (3) a person who the defendant believed to be under the age of eighteen; (4) "to engage in prostitution or any sexual activity for which any person can be

charged with a criminal offense." *United States v. Vinton*, 946 F.3d 847, 852 (6th Cir. 2020), quoting 18 U.S.C. § 2422(b) citing *United States v. Roman*, 795 F.3d 511, 515 (6th Cir. 2015); *United States v. Douglas*, 626 F.3d 161, 164 (2d Cir. 2010). Without any specific allegations associated with the actual content of the messages Davis and Hale sent to Plaintiff via cell phones or an app, it is difficult to evaluate or discern whether the cell phones or app were actually used to persuade or attempt to persuade Plaintiff to come to their hotel room where, Plaintiff alleges they had sex with him multiple times.

Plaintiff reasserts that he has alleged that Davis and Hale used their cell phones to knowingly persuade him, then under 18 years of age, to come to their hotel room, and engage in at a minimum non-consensual sexual touching or sexual assault/battery, for which Hale and Davis could be charged. In *United States v. Roman*, 795 F.3d 511, 516 (6th Cir. 2015), cited in Plaintiff's Supplement, in the context of concluding that a criminal defendant violates § 2422(b) by communicating only with an adult intermediary if the defendant's communications with that intermediary are intended to persuade, induce, entice, or coerce the minor child's assent to engage in prohibited sexual activity, the Court explained in relevant part as follows:

> Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves." *Id.* As a result, the focus always remains on the defendant's subjective intent because the statute is "designed to protect children from the act of solicitation itself." *United States v. Hughes,* 632 F.3d 956, 961 (6th Cir.2011); [*United States v.*] *Hackworth,* 483 Fed.Appx. [972] at 977.
>
> ***
>
> "The ordinary meanings of the verbs persuade, induce, entice, and coerce demonstrate that § 2422(b) is intended to prohibit acts that seek to transform or overcome the will of a minor." [*United States v.*] *Hite*, 769 F.3d [1154] at 1161 (citing dictionary definitions). We presume that Congress gave these words their ordinary meaning when it drafted § 2422(b), ….

*United States v. Roman*, 795 F.3d at 516-17.

Against this background, this Court concludes that it did commit an error of law in not considering or construing in a light most favorable to him, Plaintiff's allegations that he was subjected to non-consensual sexual touching. And, although the Complaint does not include the words persuade, induce, entice, or coerce Plaintiff, or any attempt to do so, it does include the words "pressed" and "solicited." Thus, the Court now concludes that the Complaint does provide a plausible inference that Davis and Hale violated 18 U.S.C § 2422(b).  Discovery should uncover the content of the messages sent via the internet through an app or by cell phone.  And, certainly Davis can later assert any statute of limitations defense he believes he has to the state law claim for assault/battery (Count V) (as referenced in his Motion to Dismiss, Doc. No. 98, PageID # 1173).

Accordingly, the Court GRANTS Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 112) and vacates that part of its August 2, 2023 Judgment Entry dismissing Plaintiff's CAVRA claims against Davis and Hale, as well as the state law claims asserted against them (Counts III, V. X, and XII).  The entry of default against Hale that this Court entered is reinstated.  Davis is ordered to file an answer to Plaintiff's Complaint within 21 days of the date of this Order, and the Court will schedule a Case Management Conference after Davis's Answer has been filed.

**IT IS SO ORDERED.**

 _s/Pamela A. Barker_____
PAMELA A. BARKER
Date:  January 24, 2024                    U. S. DISTRICT JUDGE

16